

**U.S. Department of Justice**

**SEALED**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *John Joseph Moakley United States Courthouse*
                                     *1 Courthouse Way*
                                     *Suite 9200*
                                     *Boston, Massachusetts 02210*

04-cr-10256 DPW

November 13, 2001

Kevin J. O'Dea, Esq.
1 Center Plaza
Boston, MA 02108

   Re:  <u>Michael Dezotell</u>

Dear Mr. O'Dea:

   This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Michael Dezotell ("Defendant"), in the above-captioned case. The Agreement is as follows:

   1.   <u>Change of Plea</u>

   At the earliest practicable date but in no event later than November 15, 2001, Defendant shall waive indictment and plead guilty to ~~both~~ four counts in the attached Information. Defendant expressly and unequivocally admits that he in fact knowingly and willfully committed the crimes charged in Counts One through Four of the Information, and is in fact guilty of those offenses.

   2.   <u>Penalties</u>

   Defendant faces the following maximum penalties:

        a.   On each of Counts One through Four of the
             Information, ten years' imprisonment, three years'
             supervised release, a fine of $250,000 or twice
             the amount of criminally derived property involved
             in the transaction, and a $100 mandatory special
             assessment; and

DOCKETED

    b.    Forfeiture to the extent charged in the Information.

3. <u>Sentencing Guidelines</u>

The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

    a.    The parties agree to take the position that U.S.S.G. § 2S1.1 applies to the money laundering/monetary transactions charged in Counts One through Four of the Information. The parties also agree to take the position that Defendant knew the funds involved in Counts One through Four were the proceeds of a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), that is, illegal gambling in violation of state law, and that the total value of the funds involved in those counts was $77,000.

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend to recommend that, pursuant to U.S.S.G. § 3E1.1, the Court reduce Defendant's Adjusted Offense Level by two levels should Defendant's Adjusted Offense Level be a level 15 or less, and by three levels should Defendant's Adjusted Offense Level be a level 16 or greater.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct

    charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)    Intentionally fails to appear in Court or violates any condition of release;

(h)    Commits a crime;

(i)    Transfers any asset protected under any provision of this Agreement; and/or

(j)    Attempts to withdraw his guilty plea.

    Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

    Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4.    <u>Sentence Recommendation</u>

    The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a)    a term of incarceration within the guidelines range established by the calculation of the Sentencing Guidelines set forth in paragraph 3;

(b)    a fine in the range established by U.S.S.G. §5E1.2;

(c)    forfeiture as set forth in paragraph 10;

(e)    $400 mandatory special assessment; and

(f)    a term of supervised release.

    The U.S. Attorney and Defendant agree that there is no basis

for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly reserved below. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines, except under the conditions explicitly set forth below.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine and/or forfeiture ordered by the Court at sentencing is/are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily

waives his right to appeal or collaterally challenge:

    (1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

    (2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

    (3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8. <u>Cooperation</u>

    a. <u>Terms of Cooperation</u>

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

   b. <u>Substantial Assistance Motion</u>

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1, so that the sentencing court may impose a sentence below that which otherwise would be required under the Sentencing Guidelines. The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 8(a) above, or engages in any criminal conduct after the date he signs this Agreement. Defendant may not withdraw his plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

   c. <u>Sentence Recommendation with Substantial Assistance</u>

If Defendant provides substantial assistance, subject to all

6

the provisions of paragraphs 8(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant. The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.

        d.    <u>Letter Immunity</u>

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated February 7, 2001 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

        9.    <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge.

Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(e)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

10. <u>Forfeiture</u>

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 982 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

The assets to be forfeited specifically include, without limitation, the following: $77,000 in United States currency. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute property involved in Defendant's violation of 18 U.S.C. § 1957, as charged in Counts One through Four of the Information, and property traceable to such property. Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

Defendant agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering, returning to the United States, and forfeiting all forfeitable assets, wherever located, and in whatever names the assets may be held. Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney, the U.S. Marshals Service, and the Federal Bureau of Investigation to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the government to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets

identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the Information.

Defendant hereby acknowledges and agrees that the United States is not limited to forfeiture of the assets specifically listed in this section. If the U.S. Attorney determines that any directly forfeitable assets of Defendant cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the directly forfeitable assets fitting any of the categories described in this sentence.

In order to assist the United States in locating and forfeiting directly forfeitable and substitute assets, Defendant shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Defendant currently has any legal or beneficial interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from February 1999 to the present. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

11. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

12. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

13. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

14. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated February 7, 2001 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

15. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16. <u>Complete Agreement</u>

This letter contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated February 7, 2001. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated February 7, 2001. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Cynthia A. Young.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

CYNTHIA A. YOUNG
ERNEST S. DiNISCO
Assistant U.S. Attorneys

11

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
MICHAEL DEZOTELL
Defendant

Date: 11-13-01

10/5/04

I certify that Michael Dezotell has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
KEVIN J. O'DEA, ESQ.
Attorney for Defendant

Date: 11/13/01

Robert Sheketoff, Esq.   10/5/04

12