UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **SUBMITTED UNDER SEAL** |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10256-DPW |
| | ) | |
| MICHAEL DEZOTELL | ) | **SEALED** |
| Defendant. | ) | |

**ASSENTED TO MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

Defendant Michael Dezotell ("Dezotell" or "Defendant") plead guilty on October 5, 2004, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, to all counts in which he was charged in the Information (hereafter, the "Information").

In his written plea agreement and at the Rule 11 colloquy, Dezotell agreed to forfeit approximately seventy-seven thousand ($77,000) to the United States. Therefore, the United States, by its undersigned counsel, hereby moves for entry of a preliminary order of forfeiture in the amount of $77,000 pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure.

Count One of the Information charged that Dezotell

> did knowingly and unlawfully engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of monetary instruments in the amount of approximately $17,000 to purchase a Mercedes-Benz automobile, such property having been derived from a specified unlawful activity, that is, illegal gambling, in violation of the laws of the Commonwealth of Massachusetts, M.G.L. ch. 271, § 17;

Count Two of the Information charged that Dezotell



DOCKETED

    did knowingly and unlawfully engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of monetary instruments in the amount of approximately $19,000 to purchase a home in New Seabury, Massachusetts, such property having been derived from a specified unlawful activity, that is, illegal gambling, in violation of the laws of the Commonwealth of Massachusetts, M.G.L. ch. 271, § 17;

    Count Three of the Information charged that Dezotell

    did knowingly and unlawfully engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of monetary instruments in the amount of approximately $25,000 to purchase a golf club membership in New Seabury, Massachusetts, such property having been derived from a specified unlawful activity, that is, illegal gambling, in violation of the laws of the Commonwealth of Massachusetts, M.G.L. ch. 271, § 17; and

    Count Four of the Information charged that Dezotell

    did knowingly and unlawfully engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of monetary instruments in the amount of approximately $21,000 to purchase a Title 5 septic system for a home in Mashpee, Massachusetts, such property having been derived from a specified unlawful activity, that is, illegal gambling, in violation of the laws of the Commonwealth of Massachusetts, M.G.L. ch. 271, § 17.

All in violation of Title 18, United States Code, Section 1957.

    The Criminal Forfeiture Allegations set forth at pages 5-6 of the Information charged that upon conviction, Dezotell

    shall forfeit to the United States any and all property, real and personal, involved in those

offenses, and all property traceable to such property, including, but not limited to, approximately seventy-seven thousand dollars ($77,000) in United States currency.

The Information charged further that:

[i]f any of the forfeitable property described in paragraph 1 above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

Section 10 of Dezotell's plea agreement provides:

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 982 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

The assets to be forfeited specifically include, without limitation, the following: $77,000 in United States currency. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute property involved in Defendant's violation of 18 U.S.C. § 1957, as charged in Counts One through Four of the Information, and property traceable to such property. Defendant therefore consents to the forfeiture of all of Defendant's interests in all such

3

forfeitable assets to the United States.

Accordingly, having accepted Dezotell's guilty plea, this Court should enter a preliminary order of forfeiture in the form submitted with this assented to motion. When Dezotell is sentenced, Rule 32.2(b)(3) provides that the Order of Forfeiture "must be made a part of the sentence and be included in the judgment."

WHEREFORE, the United States requests that this Court, having accepted Dezotell's guilty plea, enter the Preliminary Order of Forfeiture submitted herewith.

                                                Respectfully submitted,
                                                MICHAEL J. SULLIVAN
                                                United States Attorney

                                                By: /s/ Ernest S. Dinisco
January 13, 2005                   ERNEST S. DINISCO
                                                Assistant U.S. Attorney

ASSENTED TO:

/s/ Robert L. Sheketoff
ROBERT L. SHEKETOFF, Esq.
Counsel for Dezotell

Dated: January 13, 2005