UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                              )<br>)<br>MICHAEL DEZOTELL           )<br>         Defendant.    ) | **SUBMITTED UNDER SEAL**<br><br>CRIMINAL NO. 04-10256-DPW |

**PRELIMINARY ORDER OF FORFEITURE**

WOODLOCK, D.J.

   WHEREAS, the United States Attorney for the District of Massachusetts filed an Information (hereafter, the "Information") charging Defendant Michael Dezotell ("Dezotell" or "Defendant") with money laundering, in violation of 18 U.S.C. § 1957;

   WHEREAS, the Information also charged that, upon conviction, Defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), all property, including money, used in the money laundering offenses charged in Counts One through Four, including, without limitation, the following:

   (a) Approximately $77,000 in United States Currency.

   WHEREAS, the Information charged further that:

   [i]f any of the forfeitable property described in paragraph 1 above, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

1

DOCKETED

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

WHEREAS, Section 10 of Dezotell's plea agreement provides:

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 982 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

The assets to be forfeited specifically include, without limitation, the following: $77,000 in United States currency. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute property involved in Defendant's violation of 18 U.S.C. § 1957, as charged in Counts One through Four of the Information, and property traceable to such property. Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States.

WHEREAS, Dezotell has pleaded guilty to all counts of the Information, and this Court has accepted his plea;

WHEREAS, the agreed amount of $77,000 is forfeitable upon Dezotell's conviction because it constitutes property that was derived from a specified unlawful activity, that is, illegal gambling, in violation of the laws of the Commonwealth of Massachusetts, M.G.L. ch. 271, § 17;

WHEREAS, the United States has moved for entry of a Preliminary Order of Forfeiture pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. All of Defendant's interests in the subject $77,000.00 (the "Forfeited Asset") are hereby forfeited to the United States of America for disposition pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

2. The Defendant shall turn the Forfeited Asset over to the United States pursuant to the plea agreement and this Order. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service is hereby authorized to take the Forfeited Asset into custody.

3. The Forfeited Asset is to be held by the United States in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n), incorporated by 28 U.S.C. § 2461(c), the United States shall publish at least once for three successive weeks in the <u>Boston Herald</u>, or any other newspaper of general circulation in this district, notice of this Order and of the intent of the United States to dispose of the Forfeited Asset.

5. To the extent practicable, the United States shall give

direct written notice to any person known to have alleged an interest in the Forfeited Asset.

6.   Such notice shall state (a) that any person, other than the Defendant, asserting a legal interest in the Forfeited Asset, shall within thirty (30) days of the final publication of the notice, or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of the asserted interest in the Forfeited Asset; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Forfeited Asset, the time and circumstances of the petitioner's acquisition of any such right, title, or interest, and additional facts supporting the petitioner's claim, and the relief sought.

7.   Pursuant to 21 U.S.C. § 853(n), incorporated by 18 U.S.C. § 982(b)(1), following the Court's disposition of all petitions filed under subsection 853(n), or, if no such petitions

are filed, following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the Forfeited Asset.  At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Forfeited Asset.

_____
DOUGLAS P. WOODLOCK
United States District Judge

DATED: _January 18, 2005_