AO 245B Sheet 1 - Judgment in a Criminal Case - D. Massachusetts (03/02)

# United States District Court

## District of Massachusetts

*REDACTED*

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| **MICHAEL DEZOTELL** | **Case Number: 1: 04 CR 10256  - 001 - DPW** |

Robert Sheketoff, Esq.

Defendant's Attorney

## THE DEFENDANT:

[x] pleaded guilty to count(s): 1, 2, 3, and 4 of a 4 count Information

[ ] pleaded nolo contendere to counts(s)_____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC §1957 | Money Laundering | | 1, 2, 3, 4 |
| 18 USC §2 | Aiding and Abetting | | 1, 2, 3, 4 |

[ ] See continuation page

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

[ ] Count(s) _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: xxx-xx-3700

Defendant's Date of Birth: xx/xx/1950

Defendant's USM No.: 25372-038

Defendant's Residence Address:

██████████

Defendant's Mailing Address:
Same

06/09/05

Date of Imposition of Judgment

*[signature]*

Signature of Judicial Officer

The Honorable Douglas P. Woodlock

Name and Title of Judicial Officer

Judge, U.S. District Court

Date *June 10, 2005*

36

AO 245B Sheet 2 - Imprisonment - D. Massachusetts (10/01)

CASE NUMBER: 1: **04  CR 10256  - 001 - DPW**

DEFENDANT:                    **MICHAEL DEZOTELL**

Judgment - Page   2   of   6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of       90    day(s)

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ on _____
   ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☒ before _2:00 pm_   on _07/08/05_
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B  Sheet 3 - Supervised Release - D. Massachusetts (10/01)

CASE NUMBER: 1: 04 CR 10256 - 001 - DPW
DEFENDANT:

Judgment - Page  3  of  6

### MICHAEL DEZOTELL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of                    2     year(s)

☒ See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☒   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependants and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

CASE NUMBER: **1: 04 CR 10256 - 001 - DPW**
DEFENDANT:                  **MICHAEL DEZOTELL**

## Continuation of Conditions of ☒ Supervised Release ☐ Probation

1. WITHIN 72 HOURS OF RELEASE FROM CUSTODY OF THE BUREAU OF PRISONS, THE DEFENDANT SHALL REPORT IN PERSON TO THE DISTRICT TO WHICH THE DEFENDANT IS RELEASED.

2. DEFENDANT SHALL NOTIFY THE US ATTORNEY FOR THIS DISTRICT WITHIN 30 DAYS OF ANY CHANGE OF MAILING OR RESIDENCE ADDRESS THAT OCCURS WHILE ANY PORTION OF THE FINE REMAINS UNPAID.

3. DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME.

4. THE FINE of $7,000.00 SHALL BE PAID WITHIN 90 DAYS AFTER THE TERM OF INCARCERATION IN COMPLETED.

5. DEFENDANT SHALL SUBMIT TO THE COLLECTION OF A DNA SAMPLE AS DIRECTED BY THE PROBATION OFFICER

6. DEFENDANT IS PROHIBITED FROM POSSESSING A FIREARM OF OTHER DANGEROUS WEAPON

7. DEFENDANT IS PROHIBITED FROM INCURRING NEW CREDIT CHARGES OR OPENING ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER

8. DEFENDANT IS TO PROVIDE THE PROBATION OFFICER ACCESS TO ANY REQUESTED FINANCIAL INFORMATION. FINANCIAL INFORMATION PROVIDED TO THE PROBATION OFFICE BY THE DEFENDANT MAY BE SHARED WITH THE FINANCIAL LITIGATION UNIT OF THE US ATTORNEY'S OFFICE

9. DEFENDANT IS TO PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM AS DIRECTED BY THE US PROBATION OFFICE. THE DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES FOR SUCH TREATMENT BASED ON THE ABILITY TO PAY OR AVAILABILITY OF THIRD PARTY PAYMENT

10. DEFENDANT SHALL SERVE THREE (3) MONTHS OF HOME CONFINEMENT WITH ELECTRONIC MONITORING. DEFENDANT IS OBLIGATED TO PAY THE FEE APPLICABLE TO ELETRONIC MONITORING, AND TO RETURN THE EQUIPMENT IN GOOD CONDITION OR BE RESPSONIBLE FOR ITS REPLACEMENT. DEFENDANT IS PERMITTED, WITH PRIOR APPROVAL BY THE PROBATION OFFICE, TO ATTEND RELIGIOUS SERVICES, TO ATTEND LEGAL AND MEDICAL APPOINTMENTS, AND TO WORK.

11. THE DRUG TESTING CONDITIONS IS SUSPENDED.

AO 245B   Judgment in a Criminal Case - D. Massachusetts (10/01)
Sheet 5, Part A — Criminal Monetary Penalties

Judgment - Page  5 of  6

CASE NUMBER: **1:  04  CR  10256   - 001 - DPW**
DEFENDANT:           **MICHAEL DEZOTELL**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $400.00 | $7,000.00 | |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **\*Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| | | | |
| | | | ☐ See Continuation Page |
| **TOTALS** | $0.00 | $0.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement _____

☒ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine and/or   ☐ restitution.

☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B   Judgment in a Criminal Case - D. Massachusetts (10/01)
    Sheet 5, Part B — Criminal Monetary Penalties

CASE NUMBER:  **1: 04 CR 10256 - 001 - DPW**
DEFENDANT:        **MICHAEL DEZOTELL**

Judgment - Page  6  of  6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   ☐   Lump sum payment of _____ due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

**B**   ☐   Payment to begin immediately (may be combined with C, D, or E below); or

**C**   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

**E**   ☒   Special instructions regarding the payment of criminal monetary penalties:

SPECIAL ASSESSMENT OF $400 SHALL BE PAID IMMEDIATELY.  FINE OF $7,000.00 SHALL BE
PAID WITHIN 90 DAYS OF RELEASE FROM INCARCERATION.  FORFEITURE OF $77,000.00
SHALL BE PAID WITHIN 90 DAYS OF RELEASE FROM INCARCERATION.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Case Number, Defendant Name, and Joint and Several Amount:

☐   The defendant shall pay the cost of prosecution.

☐ See Continuation
   Page

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:
    AS DESCRIBED IN THE PRELIMINARY ORDER OF FORFEITURE AND INCORPORATED HEREIN.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA   )
                                )
           v.               )
                                )
MICHAEL DEZOTELL          )
               Defendant.  )

**SUBMITTED UNDER SEAL**

CRIMINAL NO. 04-10256-DPW

### <u>PRELIMINARY ORDER OF FORFEITURE</u>

WOODLOCK, D.J.

WHEREAS, the United States Attorney for the District of
Massachusetts filed an Information (hereafter, the "Information")
charging Defendant Michael Dezotell ("Dezotell" or "Defendant")
with money laundering, in violation of 18 U.S.C. § 1957;

WHEREAS, the Information also charged that, upon conviction,
Defendant shall forfeit to the United States of America, pursuant
to Title 18, United States Code, Section 982(b)(1), incorporating
Title 21, United States Code, Section 853(p), all property,
including money, used in the money laundering offenses charged in
Counts One through Four, including, without limitation, the
following:

    (a)  Approximately $77,000 in United States Currency.

WHEREAS, the Information charged further that:

[i]f any of the forfeitable property described in
paragraph 1 above, as a result of any act or omission
of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a
third party;

1



(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

WHEREAS, Section 10 of Dezotell's plea agreement provides:

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 982 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

The assets to be forfeited specifically include, without limitation, the following: $77,000 in United States currency. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute property involved in Defendant's violation of 18 U.S.C. § 1957, as charged in Counts One through Four of the Information, and property traceable to such property. Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States.

WHEREAS, Dezotell has pleaded guilty to all counts of the

Information, and this Court has accepted his plea;

WHEREAS, the agreed amount of $77,000 is forfeitable upon

Dezotell's conviction because it constitutes property that was

derived from a specified unlawful activity, that is, illegal

gambling, in violation of the laws of the Commonwealth of

Massachusetts, M.G.L. ch. 271, § 17;

2

WHEREAS, the United States has moved for entry of a
Preliminary Order of Forfeiture pursuant to Rule 32.2(b) of the
Federal Rules of Criminal Procedure;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED
that:

1.   All of Defendant's interests in the subject $77,000.00
(the "Forfeited Asset") are hereby forfeited to the United States
of America for disposition pursuant to Title 21, United States
Code, Section 853, as incorporated by Title 28, United States
Code, Section 2461(c).

2.   The Defendant shall turn the Forfeited Asset over to
the United States pursuant to the plea agreement and this Order.
Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal
Procedure, the United States Marshals Service is hereby
authorized to take the Forfeited Asset into custody.

3.   The Forfeited Asset is to be held by the United States
in its secure custody and control.

4.   Pursuant to 21 U.S.C. § 853(n), incorporated by 28
U.S.C. § 2461(c), the United States shall publish at least once
for three successive weeks in the Boston Herald, or any other
newspaper of general circulation in this district, notice of this
Order and of the intent of the United States to dispose of the
Forfeited Asset.

5.   To the extent practicable, the United States shall give

3

direct written notice to any person known to have alleged an interest in the Forfeited Asset.

6.    Such notice shall state (a) that any person, other than the Defendant, asserting a legal interest in the Forfeited Asset, shall within thirty (30) days of the final publication of the notice, or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of the asserted interest in the Forfeited Asset; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Forfeited Asset, the time and circumstances of the petitioner's acquisition of any such right, title, or interest, and additional facts supporting the petitioner's claim, and the relief sought.

7.    Pursuant to 21 U.S.C. § 853(n), incorporated by 18 U.S.C. § 982(b)(1), following the Court's disposition of all petitions filed under subsection 853(n), or, if no such petitions

4

are filed, following the expiration of the period provided for
the filing of such petitions, the United States of America shall
have clear title to the Forfeited Asset.  At that time, the Court
shall enter a Final Order of Forfeiture addressing all alleged
interests in the Forfeited Asset.

_____
DOUGLAS P. WOODLOCK
United States District Judge

DATED: _January 18, 2005_____

5